By the Court.—Sedgwick, Ch. J.
was an action upon a contract, for damages, tried by consent without a jury.
The Department of Public Parks had awarded to the plaintiff, as the lowest bidder under section 64 of the Consolidation Act, chap. 410, laws of 1882, a contract for the construction and materials of a public building in a public park. By the contract, the wood to be used in the first floor was pine. The plaintiff was to receive for all work and materials $29,740. Before the wood for the first floor was furnished or any work done upon it in the building, the department, or the officers composing it, considered that cherry wood was, in use and appearance, a better material than pine, and procured an estimate from the plaintiff of how much more than the $29,740, the city would have to pay him if he furnished and set in cherry in the stead of the pine. He, in his calculations fixed upon an amount he would charge for a job of that kind done with cherry, and also fixed upon *49 the amount he considered he would receive under the contract for the pine and the work upon it, if he should proceed to complete the contract according to the specifications, and offered to furnish the cherry and put it in, for the difference between these two amounts, that is for $975.
Section 64 commands that when any work is necessary to be done to complete or perfect a particular job, and the several parts of the work shall involve the expenditure of more than $1,000, the same shall be by contract, which shall be awarded to the lowest bidder upon proposals to be made, as provided in the section. An important question in the case is, did the furnishing and putting in the cherry xvood mvolve an expenditure of more than $1,000 for it. It is certain that it involved an expenditure of more than $975; because a part of the consideration to the plaintiff xvas that he xxms to receive the xvhole amount fixed by the contract, as if he furnished pine and the work upon it, and yet he xvas released from the obligation of furnishing ¡fine. The city was to pay the value of the pine in addition to the estimate of $975. There was no finding as to the value of the pine material, but as there was a finding that the value of furnishing pine and work upon it as required by the contract, was about $325, it sufficiently appears in the case that the pine material was worth more than $25. As in my judgment the work in question involved an expenditure of more than $1,000, the contract for it was in violation of the statute, as it was not made with a loxvest bidder, after the publication of proposals, as required by the statute.
There are other serious questions in the case, but xVhat has been already said requires the reversal of the judgment.
Judgment reversed and a new trial ordered with costs to appellant, to abide the event.
Freedman and Truax, JJ. concurred.